UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIERRE MICHEL CADET,<br>        Plaintiff<br><br>v.<br><br>RAOUL BONBON and<br>GISLAINE BONBON,<br>        Defendants | CIVIL ACTION NO. 05-10975-PBS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

The defendants Raoul and Gislaine Bonbon hereby move to dismiss this action under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. Neither of the plaintiff's two attempts to serve process on the defendants in this matter conforms to law. Consequently, this action should be dismissed. Further, in light of this Court's patience with this litigant, dismissal at this point is more than fair.

**RELEVANT BACKGROUND**

Acting pro se, the plaintiff Pierre Michel Cadet ("Cadet") filed a Complaint in this matter on May 4, 2005. The handwritten complaint appears to allege that Cadet, while a student at Medford High School, was harassed by the defendants Raoul Bonbon ("Raoul"), his teacher, and Gislaine Bonbon ("Gislaine"), a secretary at the school and the sister of Raoul.

Along with the Complaint, Cadet filed a Motion for Leave to Proceed in forma pauperis; however, Cadet did not answer all questions on the form. Specifically, he did not state whether he was employed, and if so, the extent of his wages, and he did not state whether he had any cash or bank accounts or other assets. Consequently, the Court (Saris, J.) denied Cadet's motion

without prejudice on May 17, 2005 and directed the clerk to provide a blank form to Cadet so that he could correct these deficiencies. Cadet never did so. Instead, he paid the required filing fee on May 26, 2005, and the Court issued summonses on June 17, 2005. At that time, the Court specifically advised the plaintiff that he was "responsible for ensuring proper service on the defendant within 120 days …; failing which, this action is subject to dismissal."

Cadet did not attempt to effect service on the defendants. Instead, he wrote three letters to this Court's pro se intake clerk (filed on June 29, 2005, July 15, 2005 and August 29, 2005) containing various requests. On August 29, 2005, he further addressed a letter to Judge Saris. On August 31, 2005, Cadet filed a second pro se Complaint against a Mr. Vincent LNU, whom he alleged was an interpreter or translator at Medford High School (Civil Action No. 05-11790-PBS). By Memorandum and Order dated September 6, 2005, this Court (Saris, J.) denied what it perceived as Cadet's request to add Mr. Vincent LNU as a defendant in the present litigation, dismissed the new Complaint in its entirety, and advised Cadet that he may be sanctioned if he files "frivolous or vexatious Complaints in the future."[1] Following another letter to the pro se intake clerk, this Court issued a Further Memorandum and Order on October 11, 2005. Inter alia, this order requires that Cadet file any request for action by the Court "in the form of a Motion clearly indicating the relief sought" and that Cadet "effectuate service of process" in this action "no later than December 31, 2005, failing which, this action shall be dismissed." On October 31, 2005, this Court referred the case to Magistrate Judge Dein for "full pretrial case management, not including dispositive motions."

---

[1] In fact, Cadet has filed a third pro se Complaint, naming as defendants the state Commissioner of Education, as well as an administrator and guidance counselor at Medford High School. See C.A. No. 05-CV-12088-PBS.

Between October 18, 2005 and January 17, 2006, Cadet sent nine additional letters to various individuals at the Court. Magistrate Judge Dein denied each request set forth in these letters. Finally on January 26, 2006, Judge Dein issued an electronic order providing two new summonses to the plaintiff and extending the time period for service of process to February 28, 2006.

At this point, Cadet attempted service of process in two ways. First, he sent copies of the Complaint and summons to the defendants by certified mail. On January 19, 2006 (one week prior to Judge Dein's order that service must be effected by February 28), Cadet filed a return receipt for mail sent to the defendants with this Court. Second, on January 31, 2006, Cadet delivered a copy of the complaint and two summonses to the guidance director at Medford High School to give to the defendants. The guidance director did not sign the "Declaration of Service" on the Summonses, so Cadet filed unsigned the returns of service with the Court. A copy of these two returns of service are attached hereto as Exhibits 1 and 2.

Neither of the plaintiff's two attempts at service of process conforms to the requirements of the Federal Rules of Civil Procedure, or of Massachusetts law. Consequently, this action should be dismissed.

## ARGUMENT

**I.     DISMISSAL SHOULD BE GRANTED BECAUSE SERVICE OF PROCESS MADE THROUGH CERTIFIED MAIL IS NOT PROPER UNDER FEDERAL OR STATE LAW.**

Cadet's mailing of the summonses and a copy of the complaint to the defendants via certified mail is not effective service. Certified mail is not an acceptable manner of service upon an in-state defendant under either federal or state law. Fed. R. Civ. P. 4(e)(2) states that service of process may be made:

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Certified mail is manifestly not (1) personal service, (2) leaving a copy at an individual's home with a suitable person or (3) serving an authorized agent. Consequently, Cadert's January 17, 2006 attempt to serve the defendants by certified mail did not comply with the rule.

Nor is service by certified mail on an in-state defendant sufficient under Massachusetts law. Fed. R. Civ. P. 4(e)(1) provides that service of process may be made pursuant to the laws of the state in which the district court is located. In Massachusetts, like in the Federal Rules, Rule 4 covers service of process. Mass. R. Civ. P. 4(d)(1) mirrors its federal counterpart by providing that service upon an individual can be made personally or through an authorized agent. As to service at an individual's last and usual place of abode, the Massachusetts rule essentially eliminates the requirement that copies of the complaint and summons must be left with a person and allows service by merely "leaving copies. .. at his last and usual place of abode." Mass. R. Civ. P. 4(d)(1). The plaintiff in the case at bar did not leave any copies of the complaint and of the summons at the defendants' last and usual place of abode, but rather relied on certified mail to get the documents to the defendants. Consequently, the certified mail attempt was not sufficient service under federal or state law.

II.   **DISMISSAL SHOULD BE GRANTED BECAUSE SERVICE OF PROCESS MADE AT THE DEFENDANT'S PLACE OF EMPLOYMENT IS NOT PROPER UNDER FEDERAL OR STATE LAW.**

Cadet's further attempt to serve the defendants by leaving the Summonses and Complaint with the Medford High School guidance director is also not adequate. This method does not comply with any of the methods outlined in Fed. R. Civ. Pro. 4(e) or Mass. R. Civ. P. 4(d)(1).

4

Further, Massachusetts case law has clarified that leaving process at an individual's business address is not adequate service. See Foley v. Walsh, 33 Mass. App. Ct. 937, 937 (1992). In Foley, the court noted that under both the Massachusetts and federal rules, "leaving process at a defendant's place of employment does not satisfy the place of abode method of service." Id. at 938. Consequently, leaving service with the Medford High School guidance director was not sufficient.

### III.    DISMISSAL SHOULD ALSO BE GRANTED BECAUSE SERVICE MADE BY THE PLAINTIFF PERSONALLY IS NOT PROPER.

The Federal Rules of Civil Procedure provide that "service may be effected by any person who is not a party and who is at least 18 years old." Fed. R. Civ. P. 4(c)(2) (emphasis added). Alternatively, Mass. R. Civ. P. 4( c) states that "service of all process shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; by some person specially appointed by the court for that purpose."

In the case at bar the plaintiff, on January 31, 2006, personally delivered a copy of the summons and of the complaint to the Medford High School guidance director. Therefore, whether the plaintiff was proceeding under the Federal Rules or the Massachusetts Rules of Civil Procedure, his attempt to personally serve the defendant at his place of employment was not proper as neither provide for such a method of service. Therefore, the defendant respectfully requests that, pursuant to Fed. R. Civ. P. 12(b)(5), this Court grant its motion to dismiss for improper service of process.

### CONCLUSION

Accordingly, as the defendant has not properly effected service of process, the defendants are entitled to dismissal of this action.

6

          Respectfully submitted,

          DEFENDANTS

          RAOUL BONBON and
          GISLAINE BONBON

          By their attorneys,

          /s/ Michael J. Cedrone
          Rebecca J. Wilson, BBO # 529980
          Michael J. Cedrone, BBO # 657708
          Peabody & Arnold
          30 Rowes Wharf
          Boston, MA 02110-3342
          (617) 951-2100

## CERTIFICATE OF SERVICE

    I, Michael J. Cedrone, hereby certify that I have served a copy of the foregoing on the plaintiff in this matter on this ___ day of February, 2006.

          /s/ Michael J. Cedrone
          Michael J. Cedrone

PABOS2:MCEDRON:632252_1

9502-91704

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __MASSAHUSETTS__

PIERRE MICHAEL CADET
        Plaintiff

V.

**SUMMONS IN A CIVIL CASE**

RAOUL BONBON, ET AL.,
        Defendants

CASE     C.A. 05-10975-PBS

TO: (Name and address of Defendant)

RAOUL BONBON

*Raoul Bonbon*
*Multi-cultural Department*
*Medford high school*
*489 Winthrop Street*
*Medford MA 02155*

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

PIERRE MICHAEL CADET, *PRO SE*

* or answer as otherwise required by the Federal Rules of Civil Procedure.

an answer to the complaint which is herewith served upon you, _____20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH ALLISON THORNTON
**CLERK**

DATE: 1/31/06

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 1/31/06 |
| NAME OF SERVER (PRINT) Pierre Michel Cadet | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the third-party defendant. Place where _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were   Mr. Frank Howard

☐ Returned _____

☐ Other (specify): I gave my complaint with two summons papers to Mr. Frank Howard the guidance Department Director.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
             Date

it was free, I did not pay

Signature of Server
Mr. Frank Howard
Guidance Department Director
Medford high school, 489 winthrop st. Medford MA 02155
Address of Server

Mr. Frank Howard and Mr. Daniel Ross did not want to sign it

[stamp: 2006 JAN 31 A 10:26 CLERK'S OFFICE]

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ MASSACHUSETTS

PIERRE MICHAEL CADET
          Plaintiff
    V.

RAOUL BONBON, ET AL.,
          Defendants

**SUMMONS IN A CIVIL CASE**

CASE     C.A. 05-10975-PBS

TO: (Name and address of Defendant)

GISLAINE BONBON

Gislaine Bonbon
Multi-cultural Department
Medford high school
489 winthrop street
Medford MA 02155

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**PIERRE MICHAEL CADET, *PRO SE***

\* or answer as otherwise required by the Federal Rules of Civil Procedure.

an answer to the complaint which is herewith served upon you, _____20*_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH ALLISON THORNTON      1/31/06
CLERK                               DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 1/31/06 |
| NAME OF SERVER (PRINT) Pierre Michel Cadet | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were Mr. Frank Howard, guidance Director

☐ Returned _____

☐ Other (specify): On tuesday January 31, I went to Medford high school and I gave my complaint with (2) summons forms, in a big yellow envelop to Mr. Frank Howard the guidance Department Director, to give it to Mr. Raoul and Gislaine Bonbon

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/31/06
Date

DANIEL W. ROSS
SUBMASTER
2006 JAN 31  A 10:26

I don't pay for that

Signature of Server
Mr. Frank Howard,
Guidance Department Director
Medford high school, 489 winthrop st. Medford MA 02155
Address of Server

I gave my complaint with two summons papers to Mr. Frank Howard to give to Mr. Raoul or Gislaine Bonbon, but he did not want to sign this form.

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.