UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PIERRE MICHAEL CADET,       )
                            )
            Plaintiff,      )
      v.                    )         CIVIL ACTION
                            )         NO.  05-10975-PBS
RAOUL BONBON, and           )
GISLAINE BONBON,            )
                            )
            Defendants.     )

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS

August 1, 2006

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, Pierre Michael Cadet ("Cadet"), has filed a pro se civil rights

complaint challenging his treatment by the defendant, Raoul Bonbon, Cadet's teacher at

Medford High School, and the defendant, Gislaine Bonbon, a school secretary and

Raoul's sister.  This matter is presently before the court on the Defendants' Motion to

Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).  Therein, the defendants contend

that this action should be dismissed because the complaint fails to state a cognizable

cause of action.  For the reasons detailed herein, this court recommends to the District

Judge to whom this case is assigned that the Motion to Dismiss (Docket No. 39) be

ALLOWED.

## II.  <u>STATEMENT OF FACTS</u>

When ruling on a motion to dismiss, the court must accept as true all well-pleaded

facts, and give the plaintiff the benefit of all reasonable inferences.  <u>See</u> <u>Cooperman v.</u>

<u>Individual, Inc.</u>, 171 F.3d 43, 46 (1st Cir. 1999); <u>Dartmouth Review v. Dartmouth Coll.</u>,

889 F.2d 13, 16 (1st Cir. 1989).  Applying this standard to the instant case, the relevant

facts are as follows.

Cadet, a Haitian student at Medford High School, commenced this action on May

4, 2005 against his teacher, Raoul Bonbon, and Gislaine Bonbon, a school secretary and

Raoul's sister.  The court has previously described the allegations of the complaint as

follows:[1]

> Plaintiff alleged, *inter alia*, that he suffered harassment (name
> calling, insults, slight batteries) by the defendants, and his course
> grades were wrongfully lowered by his teacher.  More specifically,
> Plaintiff claims that his teacher, Mr. Bonbon, also Haitian, acted
> improperly with respect to all Haitian students at the school,
> threatening expulsion and exerting power over them, and speaking in
> Creole notwithstanding [that] school regulations state he is only to
> speak in English.  Plaintiff further alleges that Mr. Bonbon told him
> and other students that if they wanted to fight him he would beat and
> kill them.
>
> With respect to specific allegations as to the wrongful conduct
> against him, Plaintiff claims that Mr. Bonbon began acting against
> him in October, 2002, calling him a variety of derogatory names,
> some in English and others in Creole.  Plaintiff alleges that this is
> because he had a political discussion with Mr. Bonbon and they

---

[1]  In a Memorandum and Order dated September 6, 2005, Judge Saris dismissed Cadet's
claims against a proposed additional defendant, Vincent LNU (last name unknown) (Docket
No. 10).  In that decision, the court summarized the allegations of the instant complaint.

disagreed about the Haitian President.  From that point to the present, Plaintiff claims he was discriminated against and harassed and physically and verbally assaulted by both Defendants.  He also claims he was called "Massissi sal," which translates to "dirty gay."

Finally, Plaintiff claims that Defendant Raoul Bonbon lowered his grades from A+ or A to lower grades, and that Defendant told him he wanted to change his grades because of his mouth.

(9/6/05 Memorandum and Order at 2-3).

For relief, plaintiff has requested the following:

I would like you to make me find all my grades back and make him to pay a great kernel for each and send him to jail because he call stealer, robber, zinglindoo,[2] put book on my desk to bother me, touching me to call me massissi[3] with pencil pen, etc. Please!

In addition, Cadet has requested that the defendants be imprisoned and that each defendant and the school pay him $20 million.  (Docket No. 46 (May 30, 2006 letter to court)).

## III.  ANALYSIS

### A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings.  Thus, when confronted with a motion to dismiss the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff.  Dartmouth Review, 889 F.2d at 16.  "Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate if the

---

[2]  According to Cadet, "zinglindoo" means "someone who uses to enter in neighborhood house, violate and kill everybody and take their money etc."  (Compl., p. 3).

[3]  According to Cadet, "massissi" means "gay."  (Compl., p. 4).

complaint, so viewed, presents no set of facts justifying recovery." <u>Cooperman</u>, 171 F.3d at 46; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-48, 78 S. Ct. 99, 101-103, 2 L. Ed. 2d 80 (1957).

Under Fed. R. Civ. P. 8(a), a plaintiff is required to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Plaintiffs are only obligated to set forth in their complaint 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" <u>Raytheon Co. v. Continental Casualty Co.</u>, 123 F. Supp. 2d 22, 27 (D. Mass. 2000) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F. 2d 513, 515 (1st Cir. 1988)). "The Rules 'do not require a claimant to set out in detail the facts upon which he bases his claims.'" <u>Id.</u> (quoting <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). "The pleading requirements, though 'minimal,' are not 'non-existent.' Modern notions of 'notice pleading' notwithstanding, a plaintiff is nonetheless required to set forth factual allegations, either direct or inferential, *respecting each material element necessary to sustain recovery under some actionable legal theory*." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 998 (1ˢᵗ Cir. 1992) (internal citations omitted; emphasis in original).

A most generous reading of the complaint indicates that the plaintiff has attempted to invoke this court's federal question jurisdiction under 28 U.S.C. § 1331 and assert a

civil rights claim.[4]  This conclusion is supported by the Civil Cover Sheet, where Cadet

indicated that the basis of the court's jurisdiction was "federal question" jurisdiction and

that he was asserting a civil rights claim.[5]  As detailed below, however, the complaint

fails to state a civil rights claim under 42 U.S.C. § 1983.

### B.    Civil Rights Claim Under 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must "allege facts

sufficient to support a determination (i) that the conduct complained of has been

committed under color of state law, and (ii) that the alleged conduct worked a denial of

rights secured by the Constitution or laws of the United States."  Rumford Pharmacy,

Inc., 970 F.2d at 998 (internal punctuation and citation omitted).  Since the defendants are

allegedly public school employees, this court will assume that the plaintiff has asserted

sufficient facts to establish that they acted under color of state law.  However, Cadet has

failed to assert sufficient facts to establish that he was deprived of any constitutional

right.

---

[4]  There are no allegations in the complaint which would indicate that this court has diversity jurisdiction under 28 U.S.C. § 1332.

[5]  Cadet also marked the torts of assault, libel and slander, and personal injury on the Civil Cover Sheet.  Since there is no diversity jurisdiction here, this court could not assert jurisdiction over those state claims unless a federal question also is asserted to support this Court's exercise of jurisdiction.  Since this court concludes that the plaintiff has failed to state a claim under federal law, there is no need to address the sufficiency of any state law allegations.  In addition, Cadet marked that he was filing a prisoner petition relating to the death penalty and prison conditions.  Since Cadet is not a prisoner, those markings are clearly in error.

The "education of the Nation's youth is primarily the responsibility of parents, teachers, and state and local school officials, and not of federal judges." Hazelwood Sch. Dist. v. Kuhlmeier, 484 U.S. 260, 273, 108 S. Ct. 562, 571, 98 L. Ed. 2d 592 (1988) (school's refusal to publish articles in school newspaper did not violate students' First Amendment rights). "Thus, while children assuredly do not shed their constitutional rights at the schoolhouse gate," their rights are not co-extensive with those of adults. Veronia Sch. Dist. 47J v. Acton, 515 U.S. 646, 655-56, 115 S. Ct. 2386, 2392, 132 L. Ed. 2d 564 (1995) (random drug tests for student athletes does not violate their right to be free from unreasonable searches). Moreover, as a general statement, "courts will ordinarily defer to the broad discretion vested in public school officials[.]" Greenhill v. Bailey, 519 F.2d 5, 7 (8th Cir. 1975). Nevertheless, judicial intervention in school affairs is appropriate when an individual has been deprived "of a significant interest in either liberty or property." Id.

In the instant case, despite the severity of the alleged conduct, the complaint indicates that Cadet continued his schooling and was not deprived of his education. See Complaint at p. 6 (listing grades). Compare Greenhill, 519 F.2d at 8 (entry in student's file concerning lack of intellectual ability which would preclude him from attending medical school anywhere asserts a deprivation of a significant liberty interest). While Cadet challenges the allegedly significant harm to his reputation, "damage to one's reputation alone does not trigger the protections of the Due Process Clause." Aponte v. Calderon, 284 F.3d 184, 195 (1st Cir. 2002). Reputation alone does not constitute a

liberty or property interest sufficient to invoke due process protections.  Paul v. Davis,

424 U.S. 693, 701, 96 S. Ct. 1155, 1161, 47 L. Ed. 2d 405 (1976).  See also Siegert v.

Gilley, 500 U.S. 226, 234, 111 S. Ct. 1789, 1794, 114 L. Ed. 2d 277 (1991) (there is no

"constitutional protection for the interest in reputation").  Rather, "[r]eputational harms

must be attached to some other alteration in status in order to raise a valid due process

claim."  Aponte, 284 F.3d at 195-96.  Since there is no evidence in the instant case that

Cadet suffered a deprivation of liberty or property of constitutional dimension, his claim

must fail.  See Ramos v. Texas Tech. Univ., 441 F. Supp. 1050, 1054-55 (D.C. Tex.

1977) (where plaintiff has not been deprived of the opportunity to attend a different

school, letters in file indicating she did not have the ability to sufficiently complete a

program did not deprive her of a liberty or property interest).

Similarly, the harassing statements allegedly directed at Cadet do not rise to the

level of a constitutional violation.  The fact that a student may suffer ridicule at the hands

of school officials or classmates does not state a claim for a violation of his civil rights.

See Carroll v. Parks, 755 F.2d 1455, 1457 (11th Cir. 1985) (there is no "constitutional

right to be free from public embarrassment or damage to his reputation").  Verbal harass-

ment or psychological abuse may be actionable, but only if it "achieve[s] the high level of

a brutal and inhumane abuse of official power literally shocking to the conscience."

Abeyta v. Chama Valley Indep. Sch. Dist. No. 19, 77 F.3d 1253, 1257-58 (10th Cir. 1996)

(internal citation and quotation omitted).  In the instant case, while certainly offensive,

the alleged conduct does not rise to the level of a constitutional violation, and "we must leave plaintiff to whatever relief statutory or state tort law may afford [him]." Id. at 1258.

Finally, to the extent the plaintiff is seeking the imprisonment of the defendants, he lacks standing to maintain this suit. As detailed in this court's September 6, 2005 Memorandum and Order, in federal court the United States Attorney must prosecute criminal offenses. 9/6/05 Memorandum and Order at 9-10 and cases cited.

"By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." Epperson v. Arkansas, 393 U.S. 97, 104, 89 S. Ct. 266, 270, 21 L. Ed. 2d 228 (1968). That is the situation here. Since Cadet has not stated a claim, this action should be dismissed.

## IV.  **CONCLUSION**

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the "Defendants' Motion to Dismiss" (Docket No. 39) brought pursuant to Fed. R. Civ. P. 12(b)(6) be ALLOWED.[6]

                    / s / Judith Gail Dein
                    Judith Gail Dein
                    United States Magistrate Judge

---

[6]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).