UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PIERRE MICHEL CADET,
                Plaintiff

v.                                              CIVIL ACTION NO. 05-10975-PBS

RAOUL BONBON and
GISLAINE BONBON,
                Defendants

## DEFENDANTS' MOTION FOR A COURT ORDER AND FOR SANCTIONS

The pro se plaintiff in this matter has ignored two warnings of this Court and violated its Order dated September 11, 2006. Consequently, the defendants Raoul and Gislaine Bonbon move for an injunction and sanctions.

Despite the fact that this Court has dismissed the case and denied reconsideration of its decision, the pro se plaintiff continues to file inappropriate letter requests and motions in this matter, in direct contravention of an Order of this Court dated September 11, 2006. Further, the plaintiff has sent communications regarding this case directly to the defendants Gislaine Bonbon, and Raoul Bonbon at their home addresses notwithstanding the fact that they are represented. Consequently, the defendants request that this Court sanction Cadet as follows, in accordance with its September 11, 2006 Order:

1.      Enjoin Cadet from any further filings in this matter, and order the Clerk's Office not to accept any further filings;

2.      Impose a $1000 fine on Cadet for violation of this Court's September 11, 2006 Order;

3.      Enjoin Cadet from filing any further litigation without permission of the Court upon good cause shown; and

    4.      Enjoin Cadet from communicating directly with the defendants regarding this case.

## I.      The Substance of the Complaint and The Order of the Court Dismissing It

Acting pro se, the plaintiff Pierre Michel Cadet ("Cadet") filed a Complaint in this matter on May 4, 2005.[1] The handwritten complaint, although far from clear, appears to allege that Cadet, while a student at Medford High School, was harassed by the defendants Raoul Bonbon ("Raoul"), his teacher, and Gislaine Bonbon ("Gislaine"), a secretary at the school and the sister of Raoul. The complaint made inappropriate requests for relief, including exorbitant sums of money, imprisonment of the defendants, and the death penalty.

Magistrate Judge Judith Dein recommended that this Court allow Defendant's Motion to Dismiss. This Court adopted Judge Dein's report and recommendations and ordered this action dismissed on August 11, 2006. This Court denied Cadet's motion for reconsideration on August 28, 2006.

## II.      The Plaintiff's Disregard of This Court's Warnings and Order

Throughout this litigation, the plaintiff has filed some 35 letters in this matter. His letters have made various inappropriate requests of the Court, including asking the Court to effectuate service of process, to write to various purported witnesses, and to require various individuals to come to Court. This Court, through both Judge Saris and Magistrate Judge Dein, issued some ten orders denying these requests.

---

[1] This plaintiff has filed two additional actions which this Court has dismissed. This Court dismissed Cadet v. Mr. Vincent LNU, Civil Action No. 05-11790-PBS as part of its September 6, 2005 order. This Court has also recently dismissed the remaining defendants in Cadet v. Driscoll, C.A. No. 05-CV-12088-PBS, a case filed against the state Commissioner of Education, and against an administrator and a guidance counselor at Medford High School.

In the course of issuing its many orders, the Court has admonished the plaintiff several times. On September 6, 2005, this Court (Saris, J.) found that certain of Cadet's filings were frivolous and vexatious with improper motivation. This Court's Memorandum and Order is attached hereto as Exhibit A. The Court warned Cadet that future sanctions, "including the imposition of monetary sanctions and/or an order enjoining him from filing further Complaints in this Court," could be imposed for similar conduct.

Following another letter to the pro se intake clerk, this Court issued a Further Memorandum and Order on October 11, 2005. Inter alia, this order requires that Cadet file any request for action by the Court "in the form of a Motion clearly indicating the relief sought and the caption of the case."

However, the plaintiff has ignored the Court's admonition, continuing to file numerous inappropriate letters and requests with the Court. The Court has further given the plaintiff every consideration due a pro se litigant. It extended the time for service of process three times (10/11/05, 1/26/06, 2/27/06), provided duplicate summonses upon request (January 26, 2006), and gave full consideration to this matter on the merits in deciding the Motion to Dismiss.

Cadet has continued to make filings, even after this action was dismissed. On September 11, 2006, this Court entered a "Memorandum and Order Enjoining Plaintiff From Further Filings." This Memorandum and Order is attached hereto as Exhibit B. This memorandum enjoined Cadet from "filing any further pleadings in this action, either by motion or by letter, seeking to reinstate this action in any manner." The Court again warned Cadet that "any violation of this Order will result in the imposition of sanctions, including a monetary sanction of $1000 and an Order enjoining him from filing further suits in this Court absent permission of a district judge to file, upon good cause shown." The Order specifically indicated that Cadet was

not precluded from exercising appellate rights.  He has not, and the time for filing notice has now lapsed.

Nonetheless, Cadet has continued to file motions with this Court seeking to reopen this case, including one motion filed on October 4, 2006 and three motions filed on October 6, 2006. These motions are captioned as follows:

- Motion to Reopen the Case

- Motion to Remove the Entire Bad Thing the Defendants Used to Tell Him

- Motion to Delete the Entire Information About His Identification

- Motion to Refer the Case to Three Magistrate Judges at the States Court and Put the Case Under Civil Right Status

From their captions, it is apparent that these motions are without merit.

In addition, Cadet has sent communications <u>directly to the defendants Raoul and Gislaine Bonbon</u>, regarding the substance of litigation and threatening them with further litigation.  They have been very upset by these communications.

## <u>CONCLUSION</u>

The defendants request that this Court sanction Cadet as follows, in accordance with its September 11, 2006 Order:

1.    Enjoin Cadet from any further filings in this matter, and order the Clerk's Office not to accept any further filings;

2.    Impose a $1000 fine on Cadet for violation of this Court's September 11, 2006 Order;

3.    Enjoin Cadet from filing any further litigation without permission of the Court upon good cause shown; and

4.    Enjoin Cadet from communicating directly with the defendants regarding this case.

Respectfully submitted,


DEFENDANTS

RAOUL BONBON and
GISLAINE BONBON

By their attorneys,


/s/ Michael J. Cedrone_____
Rebecca J. Wilson, BBO # 529980
Michael J. Cedrone, BBO # 657708
Peabody & Arnold
30 Rowes Wharf
Boston, MA 02110-3342
(617) 951-2100

## CERTIFICATE OF SERVICE

I, Michael J. Cedrone, hereby certify that I have served a copy of the foregoing on the plaintiff in this matter on this 16th day of October, 2006.

/s/ Michael J. Cedrone
Michael J. Cedrone

PABOS2:MCEDRON:647584_1
9502-91704

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PIERRE MICHAEL CADET,
                    Plaintiff,

          v.                              Civil Action No.   05-10975-PBS

RAOUL BONBON, ET AL.,
                    Defendants

_____

PIERRE MICHAEL CADET,
                    Plaintiff,

          v.                              Civil Action No.   05-11790-PBS

MR. VINCENT ("LNU")[1],
                    Defendant

MEMORANDUM AND ORDER

SARIS, D.J.

     For the reasons set forth below: (1) To the extent Plaintiff

seeks to add Mr. Vincent LNU as a Defendant in Civil Action No.

05-10975-PBS, such request is denied; (2) Civil Action No. 05-

11790-PBS is dismissed in its entirety; and (3) Plaintiff is

advised that the filing of frivolous or vexatious Complaints in

the future may result in the imposition of sanctions against him.

BACKGROUND

1.  Civil Action No. 05-10975-PBS

     On May 4, 2005, Plaintiff Pierre Michael Cadet, a Haitian

student at Medford High School, filed a civil rights complaint

against a Medford High School teacher and a school secretary.

That action was assigned as Cadet v. Bonbon, et al., C.A. 05-

_____

     [1]Last name is unknown ("LNU").

10975-PBS.

Plaintiff alleged, *inter alia*, that he suffered harassment (name-calling, insults, slight batteries) by the defendants, and his course grades were wrongfully lowered by his teacher.  More specifically, Plaintiff claims that his teacher, Mr. Bonbon, also Haitian, acted improperly with respect to all Haitian students at the school, threatening expulsion and exerting power over them, and speaking in Creole notwithstanding school regulations state he is only to speak in English.  Plaintiff further alleges that Mr. Bonbon told him and the other students that if they wanted to fight him he would beat and kill them.

With respect to specific allegations as to the wrongful conduct against him, Plaintiff claims that Mr. Bonbon began acting against him in October, 2002, calling him a variety of derogatory names, some in English and others in Creole. Plaintiff alleges this is because he had had a political discussion with Mr. Bonbon and they disagreed about the Haitian President.  From that point to the present, Plaintiff claims he was discriminated against and harassed and physically and verbally assaulted by both Defendants.  He also claims he was called "Massissi sal", which translates to "dirty gay."

Finally, Plaintiff claims that Defendant Raoul Bonbon lowered his grades from A+ or A to lower grades, and that Defendant told him he wanted to change his grades because of his

mouth.

On May 17, 2005 this Court issued an Order (#3) finding that
Plaintiff's application to proceed *in forma pauperis* was
deficient, and denying the motion (#1) and directing Plaintiff to
either pay the $250.00 filing fee within thirty-five (35) days,
or file a completed Application to Proceed Without Prepayment of
Fees, which specifically included further financial information
as to his employment, wages, and other assets.

On May 26, 2005, Plaintiff paid the $250.00 filing fee and
summonses issued as to each defendant.  Plaintiff was instructed
to effectuate service on the defendants, however, to date,
Plaintiff has not filed a proof of service as to any defendant.
Recently, he has requested appointment of counsel and also
requested the Court circumvent the Federal Rules of Civil
Procedure, or to enter judgment prior to service of the Complaint
upon the defendants.


2.    Civil Action No. 05-11790-PBS

On August 31, 2005 Plaintiff Cadet filed, pro se, a
Complaint against Defendant Mr. Vincent LNU (Last Name Unknown)
who is a Haitian interpreter or translator at Medford High
School.  Compl. ¶2.  Plaintiff alleges he is a citizen of Haiti
and his residence appears to be unknown.

The crux of this Complaint is that in July 2003, during a

3

summer course, Plaintiff was walking in the hallway of the school

when he heard the Defendant behind him.  As he turned around,

Defendant told him:

> ...everybody here already knows what you are. You do
> not need to look at the back.  Do what you are going to
> do, zinglindoo.  If you keep watching people to steal,
> one day they will keep you.  You would steal in Haiti,
> now you move to the United States, you keep stealing
> and robbing. All bad things seem to you Cadet, and you
> have many bad names.  You are massissi, stealer,
> robber, and zinglindoo.  You are all bad things.

Compl. at 2.   The remainder of the Complaint contains a

narration concerning Plaintiff's traverses with other employees

at the school, including the security officers,[2] the defendants

Raoul Bonbon and Gislaine Bonbon (the defendants in the prior

litigation), and Miss Blackburn (a retired employee in charge of

schedules who is alleged to have been protective of Defendants in

the related action).

He also attaches a letter in which (it appears) he seeks to

add Defendant Vincent LNU to his complaint against Defendants

Raoul Bonbon and Gislaine Bonbon.  He states he does not know Mr.

Vincent's last name, and advises the Court can write to him care-

of Medford High School.  His Complaint also attaches names and

---

[2] Plaintiff requests the Court send a letter to each of the
security officers listed in the Complaint (and identified by
photograph), because "all of them used to follow me from class to
class, from my locker to the cafeteria or to the Gym.  They will
have to come to answer some questions about the reason Gislaine
Bonbon used to call them each time when I went to change my
schedule to come to keep me stolen."  Attachment to Complaint..

addresses of students and requests the court send the parents of each a letter, although the content of the requested letter or the purpose is not specified. Presumably, these are lists of witnesses on his behalf. Also attached is a list of subjects Defendant Raoul Bonbon taught him from September 2002 to May 2005, and a transcript of his grades from Medford High School, dated July 5, 2005.

The civil cover sheet which Plaintiff filled out indicates his action is a civil rights action, although he has also checked the box for "death penalty" and "prison conditions." He describes his cause of action that "he told me I have all bad names, robber ...and he called me by those names." As part of his demand, he seeks to have the Defendant imprisoned. The letter which he attaches to the Complaint states: "I would like the Judge [to] send Mr. Vincent...to jail for those things he told me. I do not want money. I would like you to fix his sentence between 30 and 40 years to jail." Attachment to Complaint (emphasis added).

Plaintiff did not pay the filing fee, nor did he file an Application to Proceed Without Prepayment of Fees.

<u>ANALYSIS</u>

I.  <u>Request to Add Mr. Vincent LNU as a Defendant in C.A. 05-10975-PBS</u>

To the extent that Plaintiff seeks to add Mr. Vincent LNU as a Defendant in <u>Cadet v. Bonbon, et al.</u>, Civil Action No. 05-

10975-PBS, the request is denied. Plaintiff did not file an Amended Complaint pursuant to Fed. R. Civ. P. 15 seeking to name Defendant Vincent LNU. Rather, he filed a separate Complaint, along with a Civil Cover sheet, evidencing an intention to file this as a separate action. Moreover, while the two cases are related in the sense that the alleged actions all took place at Medford High School by school employees, the claims, as pled, are otherwise factually and legally unrelated. Finally, because this action is dismissed *sua sponte* for the reasons stated herein, addition of Defendant Vincent LNU as a party in Civil Action No. 05-10975-PBS is futile.

II.  <u>Lack of Jurisdiction/Failure to State a Claim</u>

In order for this Court to review Plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. <u>See</u> 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); <u>In re Recticel Foam Corp.</u>, 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire *sua sponte* whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

Here, Plaintiff has failed to set forth any set of circumstances which would invoke either the federal question or diversity jurisdiction of this Court, as discussed below.

A.   Diversity

Under 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  However, diversity must be complete:  the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, Plaintiff has not shown diversity of citizenship. More importantly, he has stated he is not seeking monetary damages, and therefore cannot, on the face of the Complaint, establish that the amount in controversy exceeds $75,000.  Thus, even if Plaintiff had pled a cognizable state-law claim based on the alleged insults of Mr. Vincent, this Court lacks jurisdiction over such claim.

B.   Federal Question

Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  The

well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint. Vigueira, 140 F.3d at 17.

Here, Plaintiff has failed to set forth any claim which would invoke the federal question jurisdiction of this Court, based solely on alleged verbal insults by Mr. Vincent LNU.

### 1.    Civil Rights Claim

Although Plaintiff's Civil Cover sheet accompanying the Complaint has checked off "civil rights" as his cause of action, Plaintiff has not stated a cognizable civil rights claim under 42 U.S.C. § 1983. In order to state a § 1983 civil rights claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).

Here, Plaintiff has not alleged that Mr. Vincent LNU, is a state actor for purposes of § 1983. Even assuming that, as an interpreter/employee for the Medford Public School, he could be held to be a state actor, Plaintiff has still failed to meet the second prong by alleging that such conduct deprived the Plaintiff of any constitutional rights.

8

2.   Criminal Prosecution Claim

To the extent that Plaintiff, a private citizen, seeks to have Mr. Vincent LNU sentenced "to 30 to 40 years in jail," the request is construed as a request to have Mr. Vincent LNU criminally prosecuted for his alleged verbal insults against the Plaintiff.  As such, this Court lacks jurisdiction over the request, and, concomitantly, the Plaintiff has also failed to state a legally cognizable claim against Mr. Vincent LNU, because a private citizen may not prosecute a criminal action.

Federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney.  See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). Section 547 of Title 28 states that "Except as otherwise provided by law, each United States attorney, within his district, shall (1) prosecute all offenses against the United States."  28 U.S.C. § 547 (1) (emphasis added).

Here, Plaintiff does not have standing to bring a criminal

9

action against Mr. Vincent LNU because no statute authorizes him

to do so.  <u>Kennan v. McGrath</u>, 328 F.2d 610, 611 (1st Cir. 1964)

(per curiam); <u>accord</u> <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir.

1989) (per curiam) (stating that only the United States as

prosecutor can bring a complaint under 18 U.S.C. §§ 241-242);

<u>Stone v. Warfield</u>, 184 F.R.D. 553, 555 (D. Md. 1999) (stating

that individual citizens have no private right of action to

institute federal criminal prosecutions); <u>cf.</u> <u>Linda R.S. v.</u>

<u>Richard D.</u>, 410 U.S. 614, 619 (1973) (a private citizen lacks a

judicially cognizable interest in the prosecution or non-

prosecution of another); <u>accord</u> <u>Nieves-Ramos v. Gonzalez</u>, 737 F.

Supp. 727, 728 (D. P.R. 1990) (same); <u>cf.</u> <u>Sattler v. Johnson</u>, 857

F.2d 224, 227 (4th Cir. 1988) (no constitutional right under the

Equal Protection Clause to secure the prosecution of another).

28 U.S.C. § 516 (conduct of litigation in which the United States

is a party is reserved to officers of the Department of Justice,

under the direction of the Attorney General).  Thus, the

complaint is subject to dismissal.  <u>See</u> <u>Kennan</u>, 328 F.2d at 611;

<u>Cok</u>, 876 F.2d at 2; <u>Warfield</u>, 184 F.R.D. at 555.

       3.   <u>Death Penalty and Prison Conditions</u>

As noted above, Plaintiff also checked off on the Civil

Cover sheet that the cause of action was "Death Penalty" and

"Prisoner Conditions."  It is unclear why these options were

invoked.  An inference which may be drawn is that either

Plaintiff seeks the death penalty against Mr. Vincent, or that he is claiming he is under prison-like conditions. In any event, those claims are utterly irrelevant in this action and will not be considered further.

III. <u>Plaintiff is Subject to Future Sanctions</u>

    A.   <u>Authority To Impose Sanctions under Fed. R. Civ. P. 11</u>

Under Rule 11, this Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. <u>See</u> Fed. R. Civ. P. 11(b)(1), (2);[3] <u>Eagle Eye Fishing Corp. v. U.S.</u>

---

[3]Rule 11 provides in pertinent part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the

Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Pronav Charter

II, Inc. v. Nolan, 206 F. Supp.2d 46, 54 (D. Mass. 2002) (warning

pro se party against whom sanctions were sought, albeit

unsuccessfully, that Rule 11 applies to pro se litigants).

One of the central purposes of Rule 11 is to protect parties

and the Court from wasteful, frivolous, and harassing lawsuits, and

the rule provides for sanctions as a deterrent to such abusive

conduct. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir.

1992). "The imposition of a Rule 11 sanction usually serves two

main purposes: deterrence and compensation. . . . Encompassed

within these objectives are several related subsidiary goals, e.g.,

punishing litigation abuse and facilitating case management." Id.

(internal citations omitted).

The Advisory Committee Notes regarding the 1993 amendments to

Rule 11 set forth various factors that properly may be considered

in determining whether sanctions under the rule are warranted.[4]

---

   evidence or, if specifically so identified, are reasonably
   based on a lack of information or belief.

Fed. R. Civ. P. 11.

   [4]These include: "[1][w]hether the improper conduct was
willful, or negligent; [2] whether it was part of a pattern or
activity, or an isolated event; [3] whether it infected the
entire pleading, or only one particular count or defense; [4]
whether the person has engaged in similar conduct in other
litigation;"[5] whether it was intended to injure; [6] what
effect it had on the litigation process in time or expense; [7]
whether the responsible person is trained in the law; [8] what
amount, given the financial resources of the responsible person,
is needed to deter that person from repetition in the same case;

In the instant case, this Court finds that Plaintiff's Complaint seeking to have Mr. Vincent LNU put in jail for 30 to 40 years because of alleged verbal epithets, constitutes a frivolous and vexatious filing, and with improper motivation.[5] While the Court recognizes that Plaintiff is *pro se* and with little legal knowledge of court procedures, the clear inference drawn from the pleadings is that Plaintiff's Complaint is motivated by the quest for vengeance against Mr. Vincent LNU, and no reasonable person could suppose this claim (for 30 to 40 years jail time based on verbal insults) to have any merit. Such behavior by the Plaintiff results in the expenditure of significant time and resources of the Court in processing, docketing, reviewing the filings and preparing the Order for dismissal.

Accordingly, Plaintiff is advised that his *pro se* status will

------------------------------------------------------------

and [9] what amount is needed to deter similar activity by other litigants. Fed. R. Civ. P. 11 Advisory Committee Notes (1993); Vasile v. Dean Witter Reynolds Inc., 20 F. Supp.2d 465, 506 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2nd Cir. 2000).

[5]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander, 121 F.3d 315-16 (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737, and "to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

not immunize him from future sanctions should he continue to file this type of Complaint in this Court, and Plaintiff is also warned that serious measures, including the imposition of monetary sanctions and/or an order enjoining him from filing further Complaints in this Court, may be taken in order to make clear that such misconduct will not be tolerated. See, e.g., Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (upholding imposition of monetary sanctions pursuant to Rule 11 against a pro se litigant, noting that such a litigant "'has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'") (quoting Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

B.   Court's Inherent Powers to Impose Sanctions

In addition to the power to impose sanctions under Rule 11, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through the issuance of orders or the imposition of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Associates, Inc., 156 F.3d 101, 109 (1st Cir. 1998) (finding no abuse of discretion when district court, under inherent powers rather than Rule 41,

14

dismissed complaint and entered default judgment as a sanction for plaintiff's "protracted delay and repeated violation of court orders"); <u>Alexander v. United States</u>, 121 F.3d 312, 315-316 (7th Cir. 1997) (pursuant to court's inherent authority, sanctioning inmate $500 on account of his repetitious, meritless litigation).

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. <u>Elbery v. Louison</u>, 201 F.3d 427 (1st Cir. 1999) (per curiam) (<u>citing</u> <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 34 (1st Cir. 1993) for the proposition that "[f]ederal courts . . . possess discretionary powers to regulate the conduct of abusive litigants" and <u>Castro v. United States</u>, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) for the power to enjoin a party from filing "frivolous and vexatious lawsuits" pursuant to such authority).

For the reasons previously set forth, the imposition of sanctions in the future may be warranted pursuant to this Court's inherent authority as well.

Accordingly, Plaintiff is hereby warned that similar conduct in filing abusive, frivolous, or vexatious filings in this Court may result in the imposition of sanctions, including an order enjoining him from further filings in this Court.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby ORDERED:

1.    To the extent Plaintiff seeks to add Mr. Vincent LNU as a Defendant in Civil Action No. 05-10975-PBS, such request is

15

denied;

2.   Civil Action No. 05-11790-PBS is dismissed in its entirety;
     and

3.   Plaintiff is advised that the filing of frivolous or vexatious
     Complaints in the future may result in the imposition of
     sanctions against him.


SO ORDERED.

                                    /s/ Patti B. Saris
Dated: September 6, 2005            PATTI B. SARIS
                                    UNITED STATES DISTRICT JUDGE

16

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PIERRE MICHAEL CADET,
                    Plaintiff,

            v.                    Civil Action No.  05-10975-PBS

RAOUL BONBON, ET AL.,
                    Defendants

MEMORANDUM AND ORDER
ENJOINING PLAINTIFF FROM FURTHER FILINGS

SARIS, D.J.

     On August 11, 2006, this Court adopted the Report and
Recommendation of Magistrate Judge Dein to grant the Defendants'
Motion to Dismiss this action, and Ordered this action dismissed
in its entirety.  Plaintiff filed a Motion for Reconsideration of
the closing of the case, which was denied on August 28, 2006.

     It is apparent from the various letters filed by the
Plaintiff since the dismissal of this action, requesting the
Court continue to work on his case, that Plaintiff does not
accept the finality of the ruling by this Court.  It is also
apparent from the vexatious nature of his letters that Petitioner
has a personal vendetta against the Defendants.[1]  This Court has
previously warned Plaintiff in this action and in another civil
action, that this type of pleading would not be permitted, and
that he would be subject to sanctions for abusive or vexatious

---

     [1]For instance, Plaintiff states: "Death penalty is not even
enough to request for them.  If there was a sentence to make
their body meat like french fries, it was that he would request
for them." Plaintiff's Opposition to the Closing of the Case
(#49), filed August 21, 2006.

filings.  See Cadet v. Mr. Vincent LNU, C.A. 05-11790-PBS.[2]

At this juncture this Court finds Plaintiff to be an abusive and vexatious litigant.  Accordingly, it is hereby Ordered that Plaintiff is prohibited from filing any further pleadings in this action, either by motion or by letter, seeking to reinstate this action in any manner.[3]  Plaintiff is further warned that any violation of this Order will result in the imposition of sanctions, including a monetary sanction of $1000 and an Order enjoining him from filing further suits in this Court absent permission of a district judge to file, upon good cause shown.

This Order does not prohibit Plaintiff from exercising any appeal rights he may have in this matter, nor from filing a timely Notice of Appeal.


SO ORDERED.

                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE
DATED: September 12, 2006

---

[2]On August 31, 2005 Plaintiff Cadet filed, pro se, a Complaint against Defendant Mr. Vincent LNU (Last Name Unknown) who is a Haitian interpreter or translator at Medford High School.  That action was assigned as Cadet v. Vincent, Civil Action 05-11790-PBS.  The crux of this Complaint is that in July 2003, during a summer course, Plaintiff was walking in the hallway of the school when he heard the Defendant spew various verbal epithets at him.

[3]

2