```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

PIERRE MICHAEL CADET,
            Plaintiff,

        v.                    Civil Action No.  05-10975-PBS

RAOUL BONBON, ET AL.,
            Defendants

<u>MEMORANDUM AND ORDER ON MOTIONS
     AND ORDER FOR SANCTIONS</u>

SARIS, D.J.

On August 11, 2006, this Court adopted the Report and Recommendation of Magistrate Judge Dein to grant the Defendants' Motion to Dismiss this action, and Ordered this action dismissed in its entirety.  Plaintiff filed a Motion for Reconsideration of the closing of the case, which was denied on August 28, 2006.  Subsequent to that denial, Plaintiff filed various letters requesting the Court continue to work on his case.

On September 11, 2006, this Court issued a Memorandum and Order (#56) finding Plaintiff to be an abusive and vexatious litigant, and prohibiting him from filing any further pleadings in this action, either by motion or by letter, seeking to reinstate this action in any manner.[1]  Plaintiff was also warned that any violation of the Order would result in the imposition of sanctions, including a monetary sanction of $1000 and an Order enjoining him from filing further suits in this Court absent

---

[1] Plaintiff was not prohibited from filing a Notice of Appeal.  Plaintiff seeks to have this action sent back to Magistrate Judge Dein.  <u>See</u> Plaintiff's Motion to Refer the Case to Three Magistrate Judges at the States [sic] Court (#65) as a Notice of Appeal.  The Court will not construe this motion as a Notice of Appeal.

permission of a district judge to file, upon good cause shown.[2]

Despite the September 11th Memorandum and Order, Plaintiff continued to file letters requesting this Court to re-open his case.  See Letters (## 57, 58, 59, 60).  On September 25, 2006, this Court denied, by electronic Order, Plaintiff's request (#59) to re-open the case to Superior Court.

Thereafter, Plaintiff continued to file pleadings and motions with this Court.  See Letter (#61) and Motion to Reopen Case (#62); Motion to Remove the Entire Bad Thing the Defendants Used to Tell Him (#63); Motion to Delete the Entire Information About His Identification (#64); Motion to Refer the Case to Three Magistrate Judges at the Stats [sic] Court and Put the Case Under Civil Rights Status (#65).  In response to this flurry of letters and motions, Defendants have filed a Motion for Sanctions and A Court Order (#66).

The Court finds Plaintiff's filings, including his most recent motions (i.e., motions ## 62, 63, 64, and 65) to be in knowing violation of the Memorandum and Order (#56).  Accordingly, Plaintiff's motions (## 62, 63, 64, and 65), including his Motion to Re-Open, are hereby DENIED with prejudice.

Further, the Court finds that Plaintiff's statement in his

---

[2] The Court also notes that in the early stages of this case, Plaintiff was also advised that he could be subject to sanctions for the filing of frivolous or vexatious actions.  See Memorandum and Order (#10), issued September 6, 2005.  He was also warned about the imposition of sanctions in another case.  See Cadet v. Mr. Vincent LNU, C.A. 05-11790-PBS.

Motion to Re-Open (#62) that "I cannot give up.  I have to fight until the end," evidences not only an unwillingness to accept the dismissal of this action, but an unwillingness to curb his behavior and abide by this Court's Orders.

As noted above, Plaintiff has previously been warned that he is subject to sanctions for being an abusive and vexatious litigant.  In view of Plaintiff's continued abuses, the Court finds the Defendants' Motion for Sanctions (#66) to be well-founded, and further finds that the imposition of sanctions is warranted at this time, to send the message to the Plaintiff that this Court will no longer tolerate his non-compliance with Court Orders, and his continued abusive and vexatious filings in this action, which consume the scarce judicial resources of this Court.

More specifically, the Court finds that Plaintiff's actions warrant the imposition of a monetary sanction of one thousand dollars ($1000.00), as well as an Order permanently enjoining Plaintiff from filing any further lawsuits in this Court, absent prior permission of a judicial officer to file.  Finally, because the Defendants have represented that Plaintiff has sent communications directly to the Defendants threatening them with further litigation and upsetting them, Plaintiff is also enjoined from communicating directly with the Defendants Raoul and Gislaine Bonbon regarding the substance of this litigation.  Any further communication in connection with this litigation, if any more is required in light of this Order, shall be sent only to Defendants' counsel, Michael J. Cedrone, Esq. or Rebecca J.

Wilson, Esq., unless Plaintiff receives permission to communicate directly with the Defendants.

These sanctions are deemed to be the least restrictive sanctions available at this time.

ORDER

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion to Reopen Case (#62); Motion to Remove the Entire Bad Thing the Defendants Used to Tell Him (#63); Motion to Delete the Entire Information About His Identification (#64); and Motion to Refer the Case to Three Magistrate Judges at the Stats [sic] Court and Put the Case Under Civil Rights Status (#65) are DENIED with prejudice;

2. Within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall pay to the Clerk, United States District Court for the District of Massachusetts, the sum of one thousand dollars ($1000.00) as a monetary sanction;

3. Plaintiff is enjoined from filing any further pleadings (letters or motions) in this action. This Order does not prohibit Plaintiff from exercising any appeal rights he may have in this matter, nor from filing a timely Notice of Appeal. Any documents which are submitted for filing by the Plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned by the Clerk's Office to the Plaintiff;

4. Plaintiff is precluded from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining the prior written approval of a judge of this Court. If Plaintiff undertakes to file any additional papers in this Court, he shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to a judge of this Court for action on the petition; and

5. Plaintiff is also enjoined from communicating directly with the Defendants Raoul and Gislaine Bonbon regarding the substance of this litigation. Any further communication in

connection with this litigation, if any more is required in light of this Order, shall be sent only to Defendants' counsel, Michael J. Cedrone, Esq. or Rebecca J. Wilson, Esq., unless Plaintiff receives permission to communicate directly with the Defendants.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

DATED: November 1, 2006